Reese, J.
delivered the opinion of the court.
On the 7th of February, 1837, the plaintiff in error, being owner of a land warrant for six hundred and forty acres, No. 3541, issued to F. N. Burton, made in the office of the entry taker of Shelby county, an entry No. 45, which states that by virtue of part of said certificate he entered four hundred and fourteen acres of land, in said entry particularly described. On the same day, by virtue of the balance of said warrant, said Graham made an entry in said office for two hundred and twenty-six acres of land, No. 46, which is therein particularly described. These entries were by the entry taker spread upon the general plan for the county of Shelby. On the 6th of January, 1838, George W. Smith tendered to the entry taker two entries for the purpose of including the land contained in the entries of John D. Gra *547 ham, No. 45 and 46, above referred to. They were rejected because interfering with said entries, No. 45 and 46. Whereupon George W. Smith filed his petition for a mandamus to John Wherry, entry taker of Shelby county, to cause him to receive and enter upon his general plan the entries of said Smith; and to that proceeding the said John D. Graham was admitted a defendant, and answers were filed by him and by the entry taker. And his honor, the cii'cuit court judge, presiding, upon the ground that entries 45 and 46 are void, ordered and adjudged that a peremptory mandamus issue as prayed fox'. To reverse which order and judgment, the defendant, John D. Graham, has prosecuted his appeal in error to -this court.
To determine whether the judgment of the circuit court be maintainable, we must inquire into the meaning and give a construction to the act of 1821, ch. 31. Cobbs and Haywood, (supplement) 99. The act is entitled “an act to prevent the surveyors south and west of the congressional reservation line in this State from making more than one entry on one and the same warrant, and for other purposes.” And the preamble recites that “whereas it is represented to this general assembly that some surveyors have admitted more than one enti’y to be made on one and the same warrant, contrary to the true intent and meaning of the present law, therefore, (sec. 1) be it enacted by the general assembly of1 the State of Tennessee, that from and after the passing of this act, if any surveyor of this State whose district lies south and west of the congressional reservation line, do. make or suffer to be made more than one entry on one and1 the same warrant or certificate for land, it shall be deemed a misdemeanor in office, &c. &c. That any entry hereafter made contrary to the true intent and meaning of this act shall be void to all intents and purposes.” Much ingenious argument, founded on the highly penal provisions of this act and upon the construction of prior and subsequent acts, hak been resorted to by the counsel of the plaintiff in error, to show that the evil to be prevented and the offence to be punished by the act before us consist in the second appropriation of a satisfied or exhausted warrant; and. there is no *548 doubt that that evil is intended to be guarded against, and - that offence to be punished. And we have as little doubt that it was also to prevent and punish the appropriation of various small tracts by virtue of one large warrant. It is obvious, however, that the first entry of Graham for four hundred and fourteen acres, No. 45, is not within the prohibiting terms of this act, and is no't declared void by its provisions. It is conceded by the counsel for George W. Smith, that four hundred and fourteen acres might be legally appropriated by a six' hundred and forty acre warrant; but it is insisted that the terms used in the entry “by virtue of part” of said warrant, shows no intention of ‘‘splitting” the same, as it is called. It is not necessary to inquire whether the form of the entry be in that respect regular and proper or not. It is sufficient that such entry is not within the mischief, p.r- the terms of the act in question. With regard to the other entry, No. 46, which is within the mischief and the terms of the act of 1821, ch. 31, the argument of the plaintiff in error to sustain it is, that a subsequent act, passed after the entry No. 46 was made,-permits more than one entry to be made by virtue of the same warrant; and that No. 46, upon the passage of that act eo inslanti, though void, revived and became a good and valid entry, ydthout being again made. To this we cannot agree. It was void. It was a nullity; it was as if never made. Upon the passage of the act, it could give no preference to Graham’s nor be an obstacle in the way of Smith’s entry. The judgment will therefore be reversed as to the first entry, and a mandamus go as to the second.